UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAWN JOHNSTON,

    Plaintiff,                                CASE NO. 06-CV-12908

v.                                          DISTRICT JUDGE THOMAS L. LUDINGTON
                                             MAGISTRATE JUDGE CHARLES E. BINDER

MATRIXX INITIATIVES, INC., *et al.,*

    Defendants.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(Dkt. 2)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motion be **GRANTED.**

## II.    REPORT

### A.    Introduction

Pending, pursuant to an Order of Reference issued by United States District Judge Thomas L. Ludington on October 22, 2006, (Dkt. 22), is the above-entitled motion, which was filed by Defendants on June 30, 2006, prior to the transfer of this products liability case to this Court from the United States District Court for the Northern District of Alabama. Defendants argue that the doctrine of judicial estoppel bars Plaintiff from pursuing the instant action because she failed to disclose the existence of this case in bankruptcy proceedings. Plaintiff responded in opposition

to the motion (Dkt. 3) and Defendants filed a reply. (Dkt. 4.) Oral argument was heard on October 19, 2006, and six days later, Plaintiff filed a supplemental brief in opposition. (Dkt. 23.) Accordingly, the motion is now ready for Report and Recommendation.

### B. Facts and Procedural History

On May 27, 2004, Plaintiff filed a Chapter 7 bankruptcy petition with the United States Bankruptcy Court for the Eastern District of Michigan. (Bankr. E.D. Mich. Case No. 04-22158.) Plaintiff was represented by attorney David P. Leonardson of Gaylord, Michigan. She received an order of discharge on September 2, 2004.

Less than three weeks later, on September 23, 2004, Plaintiff filed a Chapter 13 bankruptcy petition with the United States Bankruptcy Court for the Eastern District of Michigan. (Defs.' Mot., Dkt 2 at Ex. D; Bankr. E.D. Mich. Case No. 04-23557.) The petition bears the signatures of Plaintiff and attorney George E. Jacobs. (*Id.*) A Chapter 13 plan was filed on the same day. (*Id.* at Ex. E.) This document was also signed by Plaintiff's bankruptcy counsel. On October 14, 2004, Plaintiff appeared, was sworn, and gave testimony at a Section 341 Meeting of Creditors. (*Id.* at Ex. G.)

Two-and-one-half months later, on December 29, 2004, Plaintiff Johnston, along with five others, filed a products liability action in the United States District Court for the Northern District of Alabama. (N.D. Ala. Case No. 04-03548.) Plaintiffs in that action claimed that their use of Zicam Cold Remedy No Drip Liquid Nasal Gel caused them to lose their senses of smell and taste. All of the plaintiffs were represented by Alabama counsel.

Approximately one month later, following a hearing, United States Bankruptcy Judge Walter Shapero confirmed Plaintiff's Chapter 13 repayment plan. (Bankr. E.D. Mich. Case No.

04-23557, Dkt. 17; attached as Ex. E to Defs.' Mot.)  No mention of Plaintiff's Alabama lawsuit appears in this document.

On October 21, 2005, the Alabama District Court ordered each plaintiff in the product liability suit to file a separate action.  As a result, on November 9, 2005, four new cases were filed in the Northern District of Alabama, including this case by Plaintiff Johnston.[1]  (N.D. Ala. Case No. 05-2289.)

There is no indication that Plaintiff Johnston amended her bankruptcy filings to reflect the filing of either her individual products liability action or the original Alabama lawsuit.

On March 20, 2006, Plaintiff Johnston's second bankruptcy case was voluntarily converted to a Chapter 7 proceeding.  (Bankr. E.D. Mich. Case No. 04-23557, Dkt. 43.)  Again, according to Defendants, no mention of Plaintiff's products liability action appears in the bankruptcy filings.

The instant motion for summary judgment was filed on April 14, 2006.  Six days later, attorney Jacobs filed an amended cover sheet in the bankruptcy case in which was listed, apparently for the first time, the existence of the products liability action.  (Defs.' Mot., Dkt. 3 at Ex. A; Bankr. E.D. Mich. Case No. 04-23557, Dkt. 49.)  Subsequently, the Bankruptcy Court approved the filing of a copy of this motion in the bankruptcy case (Bankr. E.D. Mich. Case No. 04-23557, Dkts. 52 & 60) and granted a Motion for Relief from Stay as to certain property owned by the Plaintiff.  (*Id.*, Dkt. 58.)

On June 30, 2006, this case was transferred from the Northern District of Alabama to this Court, followed by the issuance of the Order of Reference described above.

---

[1] The original Alabama suit was ultimately dismissed with prejudice. (N.D. Ala. Case No. 04-03548, Dkt. 67.)

On July 6, 2006, the Bankruptcy Court entered its order discharging Plaintiff's debts. (Bankr. E.D. Mich. Case No. 04-23557, Dkt. 66.)  On July 28, 2006, however, the Bankruptcy Court set aside the discharge, stating that,

> Debtor having previously filed a Chapter 7 case on May 27, 2004, Case No. 04-22158, and receiving a Chapter 7 discharge in that case on September 2, 2004; 11 U.S.C. § 727(a)(8) prohibiting the Debtor from receiving a discharge in this case, because Case No. 04-22158 was commenced within six years before the date the current case was filed . . . IT IS HEREBY ORDERED that the Discharge Order entered in this case on July 6, 2006, is SET ASIDE . . . .

*In re Dawn Johnston, Debtor* (Bankr. E.D. Mich. 04-23557, Dkt. 68.)

Plaintiff's original bankruptcy case was reopened, and, on August 4, 2006, an amended personal property schedule was filed by attorney George Jacobs, which has been amended to include a "cause of action against Zicam" estimated to be worth $25,000. (Bankr. E.D. Mich. Case No. 04-22158, Dkt. 26.)

### C.   Defendants' Motion

Defendants argue that Plaintiff's actions amount to a fraud on this court, which, under the doctrine of judicial estoppel, requires the dismissal of this action.  Plaintiff asserts that this motion is moot because Defendants have no standing.  Plaintiff reasons that, irrespective of whether there was deception in the past, Plaintiff's bankruptcy action now belongs to the Bankruptcy Trustee, and not to the Plaintiff herself.  As a result, only the Trustee could bring the instant motion.

#### 1.   Motion Standards

A motion for summary judgment will be granted under Rule 56(c) of the Federal Rules of Civil Procedure where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v.*

4

*Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).  The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).  In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence.  *Matsushita*, 475 U.S. at 587-88.  Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof.  *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts."  *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993).  When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist.  *Street*, 886 F.2d at 1479-80.  Instead, the court will rely upon the "facts presented and designated by the moving party."  *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992).  The Sixth Circuit explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party:  seeking out facts, developing legal theories, and finding ways to defeat the motion."  *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Booker v. Brown & Williamson*

5

*Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

### 2. Law & Analysis

Section 521(1) of the Bankruptcy Code requires a debtor to file "a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." 11 U.S.C. § 521(1). It is well-settled that a cause of action is an asset that must be scheduled under § 521(1). *See Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004); *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001). "The duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action." *Browning Mfg. v. Mims*, 179 F.3d 197, 208 (5th Cir. 1999). In Chapter 13 bankruptcy cases, all of a debtor's projected disposable income is applied to make payments under the debtor's Chapter 13 payment plan. 11 U.S.C. § 1325. Further, future earnings of the debtor are specifically included in the definition of "property of the estate." 11 U.S.C. § 1306(a)(2); 11 U.S.C. § 1322(a)(1). Indeed, post-petition earnings often constitute the principal means of funding the Chapter 13 payment plan. *See* Lawrence D. King, *Collier on Bankruptcy* ¶ 1306.01 (15th ed. 1996).

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001). Judicial estoppel "preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002). In *Browning*, the Sixth Circuit described judicial estoppel as barring a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where

(2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Id*. at 775. I suggest that Plaintiff's actions satisfy both of the *Browning* factors: she now asserts a position contrary to the one that she asserted under oath in a prior proceeding by bringing claims she never listed in the statement of financial affairs and schedule of personal property, and the Bankruptcy Court adopted the contrary position in its orders.

Citing *Eubanks* and *Browning*, the Sixth Circuit has specifically found that "pursuing a cause of action that was not disclosed as an asset in a person's bankruptcy filing creates an inconsistency sufficient to support judicial estoppel." *Lewis v. Weyerhaeuser Co.*, 141 Fed. App'x 240, (6th Cir. 2005). The Sixth Circuit also has held that an order confirming a Chapter 13 plan adopts the debtor's statement that he has no potential causes of action and supports a finding that the second factor has been met. *See Reynolds v. Commissioner*, 861 F.2d 469, 473 (6th Cir. 1988). Thus, Plaintiff's actions in her bankruptcy proceeding and in the present case establish the two factors necessary for this Court to apply the doctrine of judicial estoppel to the claims made by Plaintiff in this case.

Plaintiff contends that her actions were the result of inadvertence, not deception or bad faith. It is well-settled that judicial estoppel does not apply where the prior inconsistent position occurred because of "mistake or inadvertence." *Browning*, 283 F.3d at 776. To determine whether the debtor's omission might be deemed inadvertent, the *Browning* court adopted the approach taken by the Fifth Circuit Court of Appeals in *In re Coastal Plains, Inc*., 179 F.3d 197 (5th Cir. 1999). Under that approach, the failure to disclose a cause of action may be deemed inadvertent where "(1) the debtor lacks knowledge of the factual basis of the undisclosed claims, or (2) the debtor has no motive for concealment." *Browning,* 283 F.3d at 776.

Applying this test, I suggest that Plaintiff's omission may not be deemed inadvertent. At her deposition, she acknowledged receipts for Zicam dated as early as March 2002 (Johnston Dep., Dkt. 2, Ex. B at 12-13), thus indicating that she had knowledge of the factual basis of the instant undisclosed products liability claim when she filed her bankruptcy petition. I further suggest that Plaintiff had a motive to conceal her claim – her failure to report the instant products liability cause of action could potentially add value to the estate and could be of interest to Plaintiff's creditors and trustee, and her failure to report this asset could result in a Chapter 13 repayment plan more favorable to her, which would also be to the detriment of her creditors.

However, under *Eubanks,* even if a debtor has knowledge of a potential cause of action and a motive to conceal it, if the plaintiff does not actually conceal it but instead takes affirmative steps to inform the trustee and the Bankruptcy Court, judicial estoppel is not appropriate because it is unlikely that the omission from the bankruptcy petition was intentional. Here, however, Plaintiff never sought to amend her bankruptcy schedules, nor make any other attempt to inform the Bankruptcy Court of the claims asserted in this suit until after the filing by Defendants of this motion.

Accordingly, I suggest that judicial estoppel is appropriate under *Browning* and that application of the exception set forth in *Eubanks* is not warranted. Plaintiff's deposition testimony shows that she had knowledge of the factual basis of the claims made in this suit well prior to the filing of her bankruptcy petition and her continuing failure to disclose this claim during the course of her bankruptcy proceedings bars her from pursuing that claim in this action. Plaintiff's assertion that the instant products liability claim is now that of the trustee and no longer hers does not, I suggest, alter the result. In *Scott v. Dress Barn, Inc.,* No. 04-1298-T-AN, 2006 WL 962534 (W.D. Tenn. April 12, 2006) (unpublished), even though the court found that the plaintiff's bankruptcy

trustee owned her claim, the court nonetheless did not hesitate to find that the plaintiff's failure to list the claim in her Chapter 13 bankruptcy filings, as did Plaintiff here, justified the application of judicial estoppel. In fact, *Scott* appears to seriously undermine Plaintiff's arguments, since the court there not only applied judicial estoppel, but also found that the plaintiff had no standing.

For these reasons, I suggest that the grant of Defendant's motion is appropriate.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

s/ *Charles E Binder*
CHARLES E. BINDER
Dated: December 18, 2006     United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Matthew Ajluni, Thomas Foley and William Johnson, III; served on Jeffrey Kirby, Alan Lazarus and Connie Stockham by first class mail; and served on District Judge Ludington in the traditional manner.


Date: December 18, 2006         By     s/Jean L. Broucek
                                Case Manager to Magistrate Judge Binder